**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**JAN 08 1999**

JAMES W. McCORMACK, CLERK
By: _Martha Tuggle_
DEP. CLERK

| | |
|---|---|
| RUBY JUNE HODGE, individually, and as personal representative of BILLY W. HODGE, deceased, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| RONALD E. JACKSON, M.D.; HEALTHCARE OF PARAGOULD, INC.; ARKANSAS METHODIST HOSPITAL CORPORATION d/b/a Arkansas Methodist Hospital; ROBERT B. WHITE, M.D.; EDWIN L. BIRD, M.D.; MARK A. LEVINSON, M.D.; and BARRY C. TEDDER, M.D. | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) ) |

Civil Action # _J-C-99-9_

**JURY DEMANDED**

This case assigned to District Judge _Reasoner_
and to Magistrate Judge _Young_

---

## COMPLAINT

---

COMES NOW, Plaintiff, Ruby June Hodge, individually and as personal representative of

Billy W. Hodge, deceased, and for her cause of action against Ronald E. Jackson, M.D., Healthcare

of Paragould, Inc., Arkansas Methodist Hospital Corporation d/b/a Arkansas Methodist Hospital,

Robert B. White, M.D., Edwin L. Bird, M.D., Mark A. Levinson, M.D., and Barry C. Tedder, M.D.,

the Defendants, would state as follows:

### I.
### PARTIES

1.      The Plaintiff Ruby June Hodge is an adult resident of the State of Missouri and brings

this action individually and as the personal representative of Billy W. Hodge, deceased. Plaintiff is

the appointed, qualified, and acting executrix of the Estate of Billy W. Hodge, deceased, who died

in the manner alleged below on September 29, 1998, leaving surviving him Ruby June Hodge, his

wife, and his children, Angie Farrar, Lisa Moore, Melanie Harris, David Hodge, and Dennis Hodge.

2.      At all times mentioned in this complaint, the Defendant Ronald E. Jackson, M.D. was, and now is, an adult resident of the State of Arkansas with his address being 5 Market Place, Paragould, AR 72450.  Defendant is, and at all times mentioned was, a physician engaged in the practice of medicine in the State of Arkansas, being licensed under the laws of that state.

3.      At all times mentioned in this complaint, the Defendant Healthcare of Paragould, Inc. was, and now is, a corporation organized and existing under the laws of the State of Arkansas, and engaged in the business of offering medical services and treatment in Paragould, Arkansas.  The Defendant has appointed Robert L Stiles of 150 N. University, Suite 564, Little Rock, AR 72207 as its agent for service of process.

4.      At all times mentioned in this complaint, the Defendant Arkansas Methodist Hospital Corporation was, and now is, a corporation organized and existing under the laws of the State of Arkansas, and engaged in the business of offering hospital facilities and medical services in Paragould, Arkansas by operating a hospital known as the Arkansas Methodist Hospital.  Defendant Arkansas Methodist Hospital Corporation has appointed Ronald K. Rooney, 900 W. Kingshighway, Paragould, AR 72450, as its registered agent for service of process.

5.      At all times mentioned in this complaint, the Defendant Robert B. White, M.D. was, and now is, an adult resident citizen of the State of Arkansas with his address being 1000 W. Kingshighway, Suite 12, Paragould, AR 72450.  Defendant is, and at all times mentioned was, a physician engaged in the practice of medicine in the State of Arkansas, being licensed under the laws of that state.

6.      At all times mentioned in this complaint, the Defendant Edwin L. Bird, M.D. was,

and now is, an adult resident of the State of Arkansas with his address being 104 Winston Place, Paragould, AR 72450. Defendant is, and at all times mentioned was, a physician engaged in the practice of medicine in the State of Arkansas, being licensed under the laws of that state.

7.     At all times mentioned in this complaint, the Defendant Mark A. Levinson, M.D. was, and now is, an adult resident of the State of Arkansas with his address being 303 E. Matthews, Suite 101, Jonesboro, AR 72401. Defendant is, and at all times mentioned was, a physician engaged in the practice of medicine in the State of Arkansas, being licensed under the laws of that state.

8.     At all times mentioned in this complaint, the Defendant Barry C. Tedder, M.D. was, and now is, an adult resident of the State of Arkansas with his address being 303 E. Matthews, Suite 101, Jonesboro, AR 72401. Defendant is, and at all times mentioned was, a physician engaged in the practice of medicine in the State of Arkansas, being licensed under the laws of that state.

## II.
## JURISDICTION

9.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (diversity of citizenship and amount in controversy).

## III.
## FACTS

10.     On or about January 9, 1997, Billy W. Hodge (hereinafter the "Decedent") presented at Arkansas Methodist Hospital in Paragould, Arkansas, with complaints of shortness of breath. At that time, the Decedent was admitted as a patient to Arkansas Methodist Hospital by the Defendants and/or employees, agents, and servants of the Defendants.

11.     During the course of this hospital stay, the Decedent was treated and cared for by the Defendants and/or employees, agents, and servants of the Defendants.

12.    On or about January 9, 1997, a chest x-ray was ordered and performed by the Defendants and/or employees, agents, and servants of the Defendants on the Decedent. The chest x-ray revealed a mass present in the upper right lung of the Decedent. The radiology report of the chest x-ray noted that an asymmetric parenchymal density was present in the right apex and further stated that a mass or active infiltrate in the right upper lobe could not be excluded.

13.    During the course of this hospital admission, at discharge, and after discharge, the Decedent was not informed by the Defendants and/or employees, agents, and servants of the Defendants of the results of the chest x-ray.

14.    During the course of this hospital admission, at discharge, and after discharge, the Defendants and/or employees, agents, and servants of the Defendants did not order, refer, recommend, suggest, or otherwise initiate any tests, consultations, studies and/or other medical procedures to determine the nature and/or extent of the density in the Decedent's right lung, as seen in the chest x-ray.

15.    On or about January 14, 1997, the Decedent was discharged as a patient from Arkansas Methodist Hospital in Paragould, Arkansas, and transferred to St. Bernards Regional Medical Center in Jonesboro, Arkansas by the Defendants and/or employees, agents, and servants of the Defendants for possible angioplasty and further evaluation.

16.    On information and belief, at the time of transfer, Decedent's medical records were transferred to St. Bernards Regional Medical Center in Jonesboro, Arkansas by the Defendants and/or employees, agents, and servants of the Defendants.

17.    During the course of this hospital admission, at discharge, and after discharge, the Decedent was again not informed by the Defendants and/or employees, agents, and servants of the

Defendants of the results of the chest x-ray.

18.     During the course of this hospital admission, at discharge, and after discharge, the Defendants and/or employees, agents, and servants of the Defendants did not order, refer, recommend, suggest, or otherwise initiate any tests, consultants, studies and/or medical procedures to determine the nature and/or extent of the density in the Decedent's right lung, as seen in the chest x-ray.

19.     On or about January 15, 1997, the Decedent was discharged as a patient from St. Bernards Regional Medical Center in Jonesboro, Arkansas by the Defendants and/or employees, agents, and servants of the Defendants.

20.     On or about September 16, 1997, the Decedent was seen as an out-patient at the Veterans Administration Medical Center in Memphis, Tennessee whereupon chest x-ray was performed.  The radiology report of the chest x-ray concluded that an asymmetric parenchymal density or mass was present in the right apex of the Decedent's lung.  The Decedent was immediately informed of this report.

21.     On or about September 23, 1997, the Decedent was seen as an out-patient at the Veterans Administration Medical Center in Memphis, Tennessee whereupon a CT-scan of the chest was performed.  The CT-scan revealed a mass with an irregular border in the upper right lung of the Decedent.

22.     On or about October 21, 1997, a bronchoscopy was performed on the Decedent at the Veterans Administration Medical Center in Memphis, Tennessee, and tissue specimens were retrieved.  Pathology tests performed on the tissue samples taken from the Decedent's right lung concluded that the Decedent had squamous cell carcinoma of the right lung.

23.    On or about October 30, 1997, a right thoracotomy was performed on the Decedent at the Veterans Administration Medical Center in Memphis.  At that time, it was discovered that the tumor in the Decedent's right lung had grown into his spine and chest wall.  No resection of the tumor was attempted since the tumor had spread into the spine, and no clear margin of the tumor could be determined on the spine side of the tumor.  At this time, the Decedent was staged clinically as a stage IIIB squamous cell lung cancer.

24.    On September 29, 1998, the Decedent died of lung cancer.

## IV.
## ACTS AND/OR OMISSIONS

25.    Plaintiff avers that the Defendants and/or employees, agents or servants, by acting individually or together, were guilty of one, some or all of the following acts and/or omissions constituting medical negligence and breach of their professional duties including, but not limited to, the following:

a.    By failing to exercise or possess that degree of care, skill, learning, and diligence in their treatment of the decedent, Billy W. Hodge, that is ordinarily exercised or possessed by other competent physicians, medical providers, hospitals and hospital staffs engaged in the same type of practice or speciality in this community or a similar community at the time the health services were rendered or should have been rendered;

b.    By negligently and carelessly failing to inform the Decedent of the results of the chest x-ray;

c.    By negligently and carelessly failing to order, refer, recommend, suggest, or otherwise initiate additional tests, consultations, studies and/or other medical procedures to determine the nature and/or extent of the density in Decedent's right lung, as seen in the chest x-ray;

d.    By negligently and carelessly failing to diagnose a cancerous condition of Decedent;

e.     By negligently and carelessly failing to preform such tests and procedures necessary to diagnose a cancerous condition of the Decedent;

f.     By negligently and carelessly failing to notify or inform the other physicians and medical providers caring for the Decedent of the results of the chest x-ray;

g.     By negligently and carelessly failing to read and interpret the results of tests and procedures performed on the Decedent;

h.     By negligently and carelessly failing to order tests and procedures;

i.     By negligently and carelessly abandoning the Decedent as a patient;

j.     By negligently and carelessly failing to take aggressive and indicated medical or surgical steps to treat decedent's condition when such medical and surgical steps were clearly indicated by the clinical studies, signs, complaints and symptoms; and

k.     By failing to properly and adequately supervise, control, direct and train the supporting medical personnel, staff, employees, agents and/or servants.

## V.
## INJURIES AND DAMAGES

26.     As a direct and proximate result of one, some or all of the aforesaid acts and/or omissions of medical negligence and breach of professional duty of the Defendants as stated above, the decedent, Billy W. Hodge was caused to suffer and sustain severe and catastrophic bodily injury, fear of impending death, and eventual death.

27.     Furthermore, as a direct and proximate result of one, some or all of the aforesaid acts and/or omissions of medical negligence and breach of professional duty of the Defendants as stated above, the decedent, Billy W. Hodge was caused to suffer and sustain the following injuries and damages including, but not limited to:

a.     Extreme physical pain and suffering;

b.     Extreme fear and severe mental anguish;

c.     Loss of enjoyment of life;

d.     Loss or impaired chance for survival and cure; and

e.     Large medical expenses and burial expenses.

28.     Plaintiff, individually, charges and alleges that as a direct and proximate result of the aforementioned acts of medical negligence and breach of professional duty, Plaintiff was caused, and will in the future be caused, to suffer injuries and damages, including, but not limited to:

a.     Severe mental anguish and grief;

b.     Large medical expenses;

c.     Funeral and related expenses; and

d.     Loss of consortium and support of deceased.

## VI.
## RELIEF SOUGHT

WHEREFORE, Plaintiff, Ruby June Hodge, individually and as Personal Representative of Billy W. Hodge, sues the Defendants for medical negligence and breach of professional duty for damages in an amount that exceeds the jurisdictional limits set forth in 28 U.S.C. §1332 which may be proven at trial, for costs and expenses and for such other and further relief to which Plaintiff may be entitled to at law and in equity, and prays for a trial by jury and that the Court enter judgment in favor of the Plaintiff.

CASTLE & ASSOCIATES, P.L.C.


By: _____

F. Guthrie Castle, Jr.
Michael P. Pfrommer
319 Koger Center
6555 Quince Rd.
Memphis, TN 38119
901-756-6100